**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT E. COLEMAN, | No. 13-16058 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00224-DLB |
| v. | |
| P. MALDONADO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted March 10, 2014[***]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner Robert E. Coleman appeals pro se from the district court's judgement dismissing his 42 U.S.C. § 1983 action alleging retaliation.  We

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Coleman consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Dismissal of Coleman's action was proper because Coleman failed to allege facts in his fifth amended complaint sufficient to show retaliatory intent or to link defendants to the alleged adverse action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must allege facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of retaliation in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (the timing of adverse actions alone is insufficient to establish retaliatory motive); *see also Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (discussing § 1983's causation requirement).

The district court did not abuse its discretion by denying Coleman's motion for reconsideration because Coleman failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth the standard of review and grounds for reconsideration).

We reject Coleman's contention that the district court improperly granted the motion to dismiss because it had concluded in a prior screening order that Coleman stated a retaliation claim.

**AFFIRMED.**